**CIVIL RIGHTS COMPL.**
**42 U.S.C. § 1983**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

LeRoy Peoples, # 05A2620,
Full name of plaintiff/prisoner ID#

                              Plaintiff,

          -against-

City of New York, et al.,
In their Individual and
Official Capacity
Enter full names of defendants
[Make sure those listed above are
identical to those listed in Part III.]

                              Defendants.
---------------------------------------------------x

JURY TRIAL DEMAND
YES ✓      NO _____

I.     Previous Lawsuits:

       A.     Have you begun other lawsuits in state or federal court
              dealing with the same facts involved in this action or
              otherwise relating to your imprisonment? Yes (✓) No ( )

       B.     If your answer to A is yes, describe each lawsuit in the space below
              (If there is more than one lawsuit, describe the additional lawsuits
              on another piece of paper, using the same outline.)

              1.  Parties to this previous lawsuit:

                  Plaintiffs:    LeRoy Peoples, et al.

                  Defendants:    Brian Fischer, et al

              2.  Court (if federal court, name the district;
                      if state court, name the county)
                      Southern District Court of New York

              3.  Docket Number:   11-cv-2694 (SAS)

1

4. Name of the Judge to whom case was assigned: _Scheindlin_

5. Disposition: (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _Still Pending_

6. Approximate date of filing lawsuit: _April 2010_

7. Approximate date of disposition: _June 26, 2012_

II.   Place of Present Confinement: _Mohawk Correctional Facility_

A. Is there a prisoner grievance procedure in this institution?  Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?  Yes ( )  No (✓)

C. If your answer is YES,

1. What steps did you take? _____

_____

_____

2. What was the result? _____

_____

D. If your answer is NO, explain why not _The grievance process is not required for this particular type of case._

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities?  Yes ( )  No ( )

F. If your answer is YES,

1. What steps did you take? _____

_____

_____

2. What was the result? _____

_____

_One Police Plaza_

IV.     Statement of Claim:

(State briefly and concisely, the <u>facts</u> of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred.  Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights.  You need not give any legal arguments or cite to cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  You may use additional 8 ½ by 11 sheets of paper as necessary.)

1. On June 13th, 2003, Detective Steven J. Dorn of DB QSVS 112th Precinct, Shield #: 5780, Tax Reg. #: 888363, "on the authority of the New York City Police Department and the City of New York violated Plaintiffs Constitutional and Statutory Rights, by "unlawfully arresting and extraditing" him from New London, Connecticut, without a Governors warrant from the asylum state, and violated the statute of limitations.

2. On January 27th, 2005, as my attorney, Linda S. Povman committed "legal-malpractice" by siding with Eric C. Rosenbaum in a "malicious prosecution", to "unlawfully confine" and "falsely imprison" the plaintiff, to 16 yrs. imprisonment and 5 yrs. post release supervision for a criminal offense that plaintiff was "acquitted" of, in violation of his due process & equal protection rights; to be free from cruel & unusual punishment and the violation of his right to be free from double jeopardy. All actions were committed under the color of state law.

IV. A     If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required.  Was medical treatment received?

Mental and Emotional injuries; loss of liberty and loss of familial contact; defamation of character and libel; and the constitutional and statutory violations that constitute injury to my rights

4

V.  Relief: e) Compensatory Damages: from municipal defendants, jointly & severally in the amount of : ONE MILLION DOLLARS.

State what relief you are seeking if you prevail on your complaint.

a) Compensatory Damages: Jointly & severally from each individual defendant, in the amount of : One Million Dollars; and

b) Punitive Damages: Jointly & Severally from each individual defendant, in the amount of : One Million Dollars; and

c) Declaratory Relief: Explaining the extent and nature of plaintiffs Rights; and

d) Permanent Injunctive Relief: Prohibiting the further violations of my constitutional rights by maintaining a illegally imposed 16 years sentence & 5 years past release supervision, in violation of the double jeopardy clause of the U.S. Constitution, for offense that he was "acquitted" of.

I declare under penalty of perjury that on __March 31ST, 2014__, I delivered this
(Date)

complaint to prison authorities to be mailed to the United States District Court for the Eastern

District of New York.


Signed this __31ST__ day of __March__, 20__14__. I declare under penalty of

perjury that the foregoing is true and correct.


Leroy Peoples

Signature of Plaintiff

__Mohawk Corr. Fac.__

Name of Prison Facility

__P.O. Box 8451__

__6514 Route 26__

__Rome, NY 13442__

Address

__05A2620__

Prisoner ID#

# Table of Contents:

|  | Page #: |
|---|---|
| Statement of the Case | iv |
| Statement of Facts | iv |
| Argument | 1 |
|    Point - 1 | 1 - 2 |
|    Point - 2 | 2 - 3 |
|    Point - 3 | 3 - 4 |
|    Point - 4 | 5 - 6 |
| Statement of Relief | 7 |
| Conclusion | 8 |

Citations :

Stogner v. California, 539 U.S. 607 (2003)

Harden v. Pataki, 320 F.3d 1289 (11th Cir. 2003)

Peo. v. Romer, 38 A.D. 2d 757

O'Brien v. De Giammatteo, 97 Misc. 2d 827

Peo. v. Blades, 164 Misc. 2d 749

Peo. v. Hyll, 90 Misc. 2d 101

Roger v. City of Amsterdam, 303 F.3d 155

Allianz Ins. Co. v. Lerner, 305 F. Supp. 2d 191 (EDNY 2004)

Board of County Comm'rs v. Brown, 520 U.S. 397 (1997)

Canton v. Harris, 489 U.S. 378 (1989)

Gregory v. City of Louisville, 444 F.3d 725 (6th Cir. 2006)

1

Hainer v. Kerner, 404 U.S. 519 (1972)
Berg v. County of Allegheny, 219 F.3d 261 (3d Cir. 2000)
Suffolk County Sheriff's Dept v. Baron, 402 F.3d 225 (1st Cir. 2005)

Constitution:

U.S. Const. 4th Amend.
U.S. Const. 5th Amend.
U.S. Const. 6th Amend.
U.S. Const. 8th Amend.
U.S. Const. 14th Amend.
U.S. Const. art. I, § 10
NYS Const. art. I, § 5

Federal Statutes:

42 U.S.C. § 1983
Fed. R. Civ. Proc. 8(A)(2)(1)
42 U.S.C. § 1997e(e)
28 U.S.C. §§ 112(B) and 1331
28 U.S.C. § 1367
28 U.S.C. § 1746

State Statutes:

Crim. Proc. Law § 30.10 (2)(a)(b)
Crim. Proc. Law § 160.50 (1)(2)
Crim. Proc. Law § 220.30
Crim. Proc. Law § 340.20

Legislative Enactments:

Mckinney's Sessions Law, L.2006 , Ch.3 ( Eff. June 23, 2006)
Mckinney's Sessions Law , pg. 2451 - L.1976 , Ch.877

## Statement of the Case:

This is a civil rights case pursuant to 42 U.S.C. § 1983 by a state prisoner and asserting claims for constitutional violations under the color of law, to wit: plaintiff alleges that unconstitutional extradition procedures took place; that he was falsely arrested, falsely imprisoned, maliciously prosecuted and unlawfully sentenced and confined; and that legal malpractice took place during certain events. The plaintiff seeks damages as to all claims and an injunction and declaratory relief.

## Statement of Facts:

The Complaint alleges that the plaintiff's U.S. Constitutional Rights pursuant to the 4th, 5th, 6th, 8th and 14th Amendments were violated, to wit: he was unlawfully arrested and extradited by defendant Steven J. Dorn, a Detective of DB QSVS 112th Precinct, on the authority of the New York City Police Department (Shield #: 5780, Tax Reg. #: 888363), from New London, Connecticut, without a Governors warrant from the asylum state, in excess of his jurisdiction to prosecute a alleged offense of which was time barred to prosecute.

The Complaint further alleges that, Linda S. Povman, the defendant whom represented plaintiff in criminal court proceedings, committed legal-malpractice in allowing Eric C. Rosenbaum (as the Assistant District Attorney) the defendant herein, and herself, to agree to defraud plaintiff into unintelligibly accepting a plea bargain to a offense he was acquitted of, and therefore was maliciously prosecuted.

Moreover, the plaintiff was given a 16 year sentence and 5 years of post-release supervision for the criminal offense plaintiff stands acquitted of, and all actions was committed under the color of law.

ARGUMENT

POINT 1

DEFENDANT DORN (& 3 JOHN DOE DETECTIVES) WITHOUT CONSTITUTIONAL AUTHORITY, EXTRADITED PLAINTIFF FROM THE STATE OF CONNECTICUT, THE CITY OF NEW LONDON, WITHOUT A PRE-TRANSFER HABEAS CORPUS HEARING OR A SIGNED WARRANT FROM THE GOVERNOR OF THE ASYLUM STATE, TO THE STATE OF NEW YORK, THE CITY OF NEW YORK.

1. On June 13th, 2003, the plaintiff was taken by the New London Police Department at approximately 2AM, to the police station to be held for New York authorities. Plaintiff was escorted by the police of New London, from the scene of a car accident he was in with his then girlfriend Shani D. Hammond, without medical attention. Upon arrival to the police station, plaintiff was told by the police that New York authorities was coming to get him. Plaintiff was seen by a Judge who turned plaintiff over to New York authorities, i.e., defendant Dorn and 3 John Doe NYPD detectives, without a pre-transfer habeas corpus hearing or signed warrant by the Governor of the asylum state.

2. Upon arrival to the New York City Police Department, the 112th Precinct of Kew Gardens, New York, plaintiff was falsely arrested and falsely imprisoned by defendant Dorn, without a felony complaint, for a alleged rape and other offenses that occured on March 7th, 1998, in excess of his jurisdiction to prosecute such offense as the statute of limitations had expired. For the alleged offense of Rape, the legislature enacted Criminal Procedure Law section 30.10 (2)(a), L. 2006, Ch. 3 (effective June 23rd, 2006), to be seven years in order to lawfully prosecute such offense. However, plaintiff was arrested June 13th, 2003, and not convicted until January 27th, 2005. Therefore, said legislative enactment of June 23rd, 2006, does not apply and plaintiffs constitutional rights were therefore violated. See, Stogner v. California, 539 U.S. 607 (2003) ("A law that revives a previously time-barred prosecution, violates the ex post facto clause.") And, the statute of limitations for said offense was 5 years. see Crim. Proc. Law Sect. 30.10 (2)(b); US Const.

1

art. I, §10 and 14th and 4th Amend.; NYS Const. art. I, §5. See, Harden v. Pataki, 320 F. 3d 1289, 1301 (11th Cir. 2003)(" We hold that a claim filed pursuant to 42 U.S.C. §1983 seeking damages and declaratory relief for the violation of a state prisoner's federally protected extradition rights is not automatically barred by Heck. We also hold that such a claim is not barred by Heck, where specific allegations are that law enforcement officials failed to provide an extradited prisoner with a pretransfer habeas corpus hearing or a signed warrant by the governor of the asylum state --- ")
(see, Exh.-C: Omnibus Motion Challenge to Stale/Time-barred offense of March 7, 1998.)

## POINT 2

DEFENDANT ROSENBAUM WITHOUT CONSTITUTIONAL AUTHORITY MALICIOUSLY PROSECUTED A TIME-BARRED OFFENSE WITH DEFENDANT DORN (& 3 JOHN DOE DETECTIVES); AND, FALSELY ARREST, IMPRISONED, CONVICTED & SENTENCED PLAINTIFF TO 16 YEARS IMPRISONMENT AND 5 YEARS OF POST RELEASE FOR AN OFFENSE HE WAS ACQUITTED OF AS PART OF PLAINTIFFS PLEA-AGREEMENT, WITH DEFENDANT ROSENBAUM.

3. On June 13th, 2003, I was maliciously prosecuted by defendant Rosebaum for a crime of Rape which allegedly took place on March 7th, 1998. There was no felony complaint before the court for this offense, yet plaintiff was indicted on October 30th, 2003, (See, Exhibit-A: Indictment #2103-2003), and sentenced January 27th, 2005, to 8-16 yrs which was modified to 3⅓-10 years. (see, Exhibit A: Sentence & Commitment Order.) These actions were in conjunction with defendant Dorn's and 3 John Doe detectives, as they were the law enforcement team to prosecute the matter.

4. Furthermore, on January 12th, 2005, plaintiff on the advise of his attorney, went into a plea-agreement with defendant Rosenbaum which he did not honor. The agreement was that plaintiff would plea to Count-one of indictment (i.e., March 7th, 1998, offense), " in full satis-faction of the indictment". This means that, my plea to the March 7th, 1998, offense would satisfy the plea-bargain, and thereafter, offenses of April 7th, 2003, would be dismissed (See, Exhibit-A: Felony Complaint & Indict-ment for April 7th 2003 Offenses.) But instead of honoring this

agreement, after acquittal in favor of the accused, a 16 year sentence and 5 years post-release supervision sentence was unlawfully imposed. He acted with deliberate indifference to clearly established constitutional rights.

5. Pursuant to Peo. v Romer, 38 A.D. 2d 757, 329 N.Y.S. 2d 719, this "additional plea of guilty" to April 7th, 2003, offense was illegal, without first allowing me to withdraw my plea to the March 7th, 1998, offense. A plea, in "full satisfaction of the indictment" is deemed an "acquittal" of all other offenses charged therein, and it constituted a disposition of the entire indictment. see, O'Brien v. De Giammatteo, 97 Misc. 2d 827, 412 N.Y.S. 2d 543; Peo. v. Blades, 164 Misc. 2d 749, 626 N.Y.S. 2d 396. Likewise, I am also entitled to the return of photos and fingerprints taken for these acquitted offenses, and sealing of the record, as defined in Crim. Proc. Law § 160.50 (1); Peo. v. Hull, 90 Misc. 2d 101, 393 N.Y.S. 2d 881; Roger v. City of Amsterdam, 303 F. 3d 155.

6. Criminal Procedure Law section 160.50 was "designated to protect the rights of individuals against whom criminal charges have been brought, but which did not ultimately result in a conviction." See, Governor's Memoranda on approving L. 1976, Ch. 877, McKinney's Sessions Law of New York, pg. 2451. In his memoranda, the Governor stated: " This legislation is consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law." And, as defined within Crim. Proc. Law section 160.50 (2), the action was terminated in favor of the accused. (see CPL § 220.30, CPL § 340.20); ( see, Exhibit - B: Plea minutes of Jan. 12, 2005, and Sentence minutes of Jan. 27, 2005, - for actual plea.)

POINT 3

DEFENDANT POUMAN WITHOUT CONSTITUTIONAL AUTHORITY, COMMITTED LEGAL-MALPRACTICE BY ALLOWING AND ADVISING PLAINTIFF TO PLEA TO A STALE-TIME BARRED OFFENSE, AND, PLEAING TO A OFFENSE WHICH HE WAS ACQUITTED OF.

7. To prevail on legal malpractice claim under New York law, the plaintiff must prove: (a) that defendant failed to exercise degree of care, skill, and diligence commonly possessed by members of the legal community; (b) proximate

3

Cause; (c) damages; and (4) that plaintiff would have been successful in underlying action had attorney exercised due care. See, <u>Allianz Ins. Co. v. Lerner</u>, 305 F. Supp. 2d 141 (EDNY 2004)

8. Defendant Povman, and the assistance she provided as assigned counsel was so nominal it amounted to the substantial equivalent of being assigned no counsel at all; and, if the assistance of counsel was something more than nominal, it still did not reach a level of performance sufficient to satisfy an "objective standard of reasonableness", and there is a "reasonable probability" that but for counsel's deficient performance the outcome of plaintiffs criminal case would have been different. (See, Exhibit - D: letter to attorney [Via Cert. Mail])

9. Defendant Povman not only allowed plaintiff to plea to a stale / time barred offense, but she also allowed plaintiff to plea (and advised him to plea) to the offenses of April 7th, 2003, that he was "acquitted" of, because of his plea to offense of March 7th, 1998. She also allowed the illegal imposition of a 16 yrs. sentence & 5 yrs. post-release supervision to take place, to be ran concurrently with 3½ - 10 yrs. sentence. Because of defendant Povman's actions, being knowledgeable as she is in plea agreements, (as her tenure as a attorney began in 1976, plaintiff is serving a illegally imposed 16 year sentence for an acquitted offense, and is well beyond the 3½ - 10 year sentence he was to serve. A look at the plea minutes of Jan 12, 2005, and sentence minutes of Jan. 27th, 2005, shows no objections by defendant Povman as my attorney, only omissions, and her silence, which equates to her defrauding the plaintiff. This was the proximate cause of constitutional violations.

4

## POINT 4

THE CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT, AS DEFENDANTS, ARE MUNICIPALLY LIABLE FOR POLICIES WHICH ARE THE MOVING FORCE BEHIND INJURIES CLAIMED.

10. The policy and custom of the New York City Police Department and the City of New York, i.e., warrantless arrest in excess of jurisdiction, caused the injury that I am suing for. The policy of warrantless arrest was the "moving force" behind the injury. Some policies are unconstitutional on their face, which satisfies the fault requirement. Board of County Commiss v. Brown, 520 U.S. 397, 404-05, 117 S. Ct. 1382 (1997). And such policies as going beyond jurisdictional bounds without a warrant, a felony complaint before a court of law, not providing a pre-transfer habeas corpus hearing, show to result in constitutional violations.

11. If the City of New York and the New York City Police Department claim that this is not a policy or custom of theirs which is the moving force behind constitutional violations, then plaintiff ask that, why was no employee was disciplined who maliciously prosecuted and extradited the plaintiff, in excess of jurisdiction? No employee has been disciplined because, this custom is so permanent and well settled, as to have the "force of law". The policy amounts to "deliberate indifference" therefore, on the part of the municipality. Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197 (1989); Gregory v. City of Louisville, 444 F.3d 725, 752 (6th Cir. 2006).

12. A claim of municipal policy of deliberate indifference generally requires only that the risk of violation of constitutional rights have been "obvious". <u>Canton v. Harris</u>, 489 U.S. at 390.  - Even if the City of New York and the New York City Police Department lack adequate policy in regards to warrantless arrest, Extradition, prosecuting time-barred offenses, etc., their absence amounts to deliberate indifference. <u>Berg v. County of Allegheny</u>, 219 F.3d 261, 275-76 (3d Cir. 2000)( lack of safeguards against data entry errors in procedure for issuing warrants could constitute a policy of deliberate indifference.) And municipalities can be held liable for customs even if their policy makers do not have actual knowledge of them. <u>Baron v. Suffolk County Sheriffs Dept.</u>, 402 F.3d 225, 236-237 (1st Cir. 2005).

13. The fact of the matter is that the City of New York and the New York City ~~Depa~~ Police Department, when executing arrest, have policies, which obviously exceeded due bounds of authority. No governors warrant from the asylum state can be produced as proof of a lawful extradition, nor any pre-transfer habeas corpus hearing documents can be produce. This fact alone is proof of enforcement of some sort of unlawful policy.

Statement of Relief:

Plaintiff, pursuant to rule 8(A)(2) of the Federal Rules of Civil Procedure and 42. U.S.C. §§ 1997e(e), 1983, based upon the foregoing tortious actions of the named defendants, herein seek the following relief:

(a) declaratory relief about the nature and limits of plaintiffs Constitutional Rights; and

(b) permanent injunctive relief prohibiting the further violations of my constitutional rights by maintaining a illegally imposed sentence of 16 years with 5 years post-release supervision for an offense plaintiff was acquitted of; and

(c) compensatory damages, jointly and severally, from each individual defendant, for: violations of plaintiffs constitutional rights; for physical injuries; mental and emotional injuries, pain and suffering; loss of liberty and loss of familial contact; defamation of character and libel; false imprisonment, conviction and arrest; malicious prosecution; violation of extradition rights; insufficient process and legal-malpractice in the amount of: ONE MILLION DOLLARS; and

(d) punitive damages for intent and motive, and conduct that was reckless and callously indifferent to my federal rights, in the amount of: ONE MILLION DOLLARS, jointly and severally; and

(e) compensatory damages, jointly and severally from municipal corporations in the amount of: ONE MILLION DOLLARS, for unlawful policies.

7

Conclusion :

Plaintiff request that the Court grant him 'liberal construction' for any part of this petition that may be conclusorily vague. See, <u>Hainer v. Kerner</u>, 404 U.S. 519 (1972).

Pursuant to rule 8 (A) (1) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 112 (B) and 1331, the U.S. District Court for the Eastern District of New York has full jurisdiction to hear and adjudge this matter. See also, 28 U.S.C. § 1367.

The plaintiffs has basis of venue is that of legal doctrine of "federal questions jurisdiction". As such, this action is based upon U.S. Constitutional Rights, violations of the 4th, 5th, 6th, 8th and 14th Amendments, that took place in the State of New York, the City of New York located in Kew Gardens, New York (Queens County).

I declare under the penalty of perjury pursuant to the 28 U.S.C. § 1746.

Dated: _____, 2014.

/s/ _____

Pro Se Plaintiff
LeRoy Peoples #05A2620
Mohawk Corr. Fac.
P.O. Box 8451
6514 Route 26
Rome, NY 13442

8

EXHiBiT  -  A

(Felony Complaint, Indictment, Sentence and Commitment Order)

CRIMINAL COURT OF THE CITY OF NY
PART APAR   COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK

v.

LEROY PEOPLES,

AKA LEEQUAN MCCOY

DEFENDANT

STATE OF NEW YORK
COUNTY OF QUEENS

DETECTIVE STEVEN J DORN OF DB QSVS, SHIELD 5780, TAX REG# 888363, BEING
DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT APRIL 7 2003 AT ABOUT 5:10
AM AT VICINITY OF 193-30 JAMAICA AVENUE, COUNTY OF QUEENS, STATE OF NEW
YORK,

THE DEFENDANT COMMITTED THE OFFENSES OF:
PL 130.35-1 RAPE IN THE FIRST DEGREE
PL 130.50-1 SODOMY IN THE FIRST DEGREE
PL 130.70-1A AGGRAVATED SEXUAL ABUSE IN THE FIRST DEGREE
PL 135.20 KIDNAPPING IN THE SECOND DEGREE
PL 160.15-4 ROBBERY IN THE FIRST DEGREE-AN ARMED FELONY OFFENSE
PL 130.65-1 SEXUAL ABUSE IN THE FIRST DEGREE

IN THAT THE DEFENDANT DID:   BEING A MALE, ENGAGE IN SEXUAL INTERCOURSE
WITH A FEMALE BY FORCIBLE COMPULSION; ENGAGE IN DEVIATE SEXUAL INTERCOURSE
WITH ANOTHER PERSON BY FORCIBLE COMPULSION; FOR OTHER THAN A VALID MEDICAL
REASON, INSERT A FOREIGN OBJECT IN THE VAGINA, RECTUM, URETHRA, OR PENIS
OF ANOTHER PERSON BY FORCIBLE COMPULSION CAUSING PHYSICAL INJURY TO SUCH
PERSON; ABDUCT ANOTHER PERSON; FORCIBLY STEAL PROPERTY AND IN THE COURSE
OF COMMITTING THE CRIME OR OF IMMEDATE FLIGHT THEREFROM, HE/SHE OR ANOTHER
PARTICIPANT IN THE CRIME DID DISPLAY WHAT APPEARED TO BE A PISTOL,
REVOLVER, RIFLE, SHOTGUN, MACHINE GUN OR OTHER FIREARM; SUBJECT ANOTHER
PERSON TO SEXUAL CONTACT BY FORCIBLE COMPULSION;

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S
BELIEF ARE AS FOLLOWS:

DEPONENT IS INFORMED BY THE COMPLAINANT, A WOMAN KNOWN TO THE NEW YORK
CITY POLICE DEPARTMENT AND THE QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE,
AND WHOSE INITIALS ARE         , THAT AT THE ABOVE-MENITONED DATE, TIME, AND
PLACE OF OCCURRENCE, A MALE GRABBED HER BY THE NECK, HELD WHAT APPEARED TO
BE A BLACK HANDGUN TO HER HEAD, THREATENED TO KILL HER, AND DRAGGED HER
FROM THE STREET DOWN A SET OF STEPS LEADING TO A LOWER LEVEL AREA, WHERE
THE AFORESAID MALE EMPTIED HER POCKETBOOK AND REMOVED A SUM OF U.S.
CURRENCY, ASSORTED CREDIT CARDS, IDENTIFICATION DOCUMENTS, AND JEWELRY
FROM THE COMPLAINANT.   DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT
THAT THE AFORESAID MALE THEN STATED TO COMPLAINANT THAT SHE DID NOT

PROVIDE HIM WITH ENOUGH MONEY AND THAT SHE WOULD HAVE TO "GIVE HIM PUSSY," AT WHICH POINT THE AFORESAID MALE FORCIBLY INSERTED THE AFOREMENTIONED GUN INTO THE COMPLAINANT'S VAGINA, TWISTING SAID GUN, THEREBY CAUSING COMPLAINANT TO EXPERIENCE EXTREME PAIN AND LACERATIONS TO HER VAGINA. DEPONENT IS FURTHER INFORMED BY THE COMPLAINANT THAT THE AFORESAID MALE THEN FORCIBLY INSERTED HIS PENIS INTO THE COMPLAINANT'S MOUTH AND VAGINA, AND TOUCHED COMPLAINANT'S BREASTS WITH HIS HANDS.

DEPONENT FURTHER STATES THAT THE DEFENDANT, LEROY PEOPLES (AKA LEEQUAN MCCOY) ADMITTED TO DEPONENT THAT HE (DEFENDANT) APPROACHED A FEMALE ON APRIL 7, 2003 AT THE ABOVE-MENTIONED VICINITY, DRAGGED HER TO A BASEMENT ARE NEARBY, AND COMMITTED THE ABOVE-DESCRIBED ACTS TO HER. DEPONENT FURTHER STATES THAT DEPONENT DISPLAYED A PHOTOGRAPH OF THE COMPLAINANT _____ TO THE DEFENDANT AND THAT DEFENDANT IDENTIFIED SAID PHOTOGRAPH AS THE WOMAN AGAINST WHOM HE COMMITTED THE ABOVE-DESCRIBED ACTS ON APRIL 7, 2003.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW

6/13/03

DATE           SIGNATURE:

SWORN TO BEFORE ME ON THE
DAY OF

_____
DATE          SIGNATURE

No. 261760

STATE OF NEW YORK, COUNTY OF QUEENS, ss: I, AUDREY I. PHEFFER, COUNTY CLERK, QUEENS COUNTY, DO HEREBY CERTIFY THAT I HAVE COMPARED THIS COPY WITH THE ORIGINAL FILED OR RECORDED IN MY OFFICE AND THAT IT IS A CORRECT TRANSCRIPT THEREFROM AND OF THE WHOLE OF THE ORIGINAL.

6/13/03

WITNESS MY HAND AND SEAL OF SAID COUNTY AND COURT ON

05.31.2013



# INDICTMENT

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK

AGAINST

XI.    LEROY PEOPLES - AFO, VFO
              DEFENDANT

OCT 30 2003

FILED:
INDICTMENT NO. 2103/2003

| | |
|---|---|
| 130.35-1 | RAPE IN THE FIRST DEGREE (1-2)   # 1 |
| 130.50-1 | SODOMY IN THE FIRST DEGREE (3) |
| 135.20 | KIDNAPPING IN THE SECOND DEGREE (4) |
| 160.15-4 | ROBBERY IN THE FIRST DEGREE (5) |
| 130.35-1 | RAPE IN THE FIRST DEGREE (6-7)  — #6 |
| 130.50-1 | SODOMY IN THE FIRST DEGREE (8) |
| 135.20 | KIDNAPPING IN THE SECOND DEGREE (9) |
| 160.15-4 | ROBBERY IN THE FIRST DEGREE (10) |
| 130.70-1A | AGGRAVATED SEXUAL ABUSE IN THE FIRST DEGREE (11) |
| 130.65-1 | SEXUAL ABUSE IN THE FIRST DEGREE (12-14) |

A TRUE BILL

FOREMAN



DISTRICT ATTORNEY

## FIRST COUNT

THE GRAND JURY OF THE COUNTY OF QUEENS BY THIS INDICTMENT, ACCUSE THE DEFENDANT OF THE CRIME OF RAPE IN THE FIRST DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT MARCH 07, 1998, IN THE COUNTY OF QUEENS, BEING MALE, ENGAGED IN SEXUAL INTERCOURSE WITH A FEMALE KNOWN TO THE GRAND JURY WHOSE INITIALS ARE FEMALE BY MEANS OF FORCIBLE COMPULSION.

## SECOND COUNT

THE GRAND JURY OF THE COUNTY OF QUEENS BY THIS INDICTMENT, ACCUSE THE DEFENDANT OF THE CRIME OF RAPE IN THE FIRST DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT MARCH 07, 1998, IN THE COUNTY OF QUEENS, BEING MALE, ENGAGED IN SEXUAL INTERCOURSE WITH A FEMALE KNOWN TO THE GRAND JURY WHOSE INITIALS ARE FEMALE BY MEANS OF FORCIBLE COMPULSION.

FIFTH COUNT

THE GRAND JURY OF THE COUNTY OF QUEENS, BY THIS INDICTMENT,

ACCUSES THE DEFENDANT OF THE CRIME OF ROBBERY IN THE FIRST DEGREE

COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT MARCH 7, 1998, IN THE COUNTY OF

QUEENS, FORCIBLY STOLE CERTAIN PROPERTY, TO WIT: PERSONAL PROPERTY

FROM A FEMALE KNOWN TO THE GRAND JURY WHOSE INITIALS ARE           : AND

IN THE COURSE OF THE COMMISSION OF THE CRIME OR OF IMMEDIATE FLIGHT

THEREFROM, HE DISPLAYED WHAT APPEARED TO BE A FIREARM.

THE SUBJECT MATTER OF THIS COUNT BEING AN ARMED FELONY AS THAT

TERM IS DEFINED IN SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW.


SIXTH COUNT

THE GRAND JURY OF THE COUNTY OF QUEENS, BY THIS INDICTMENT,

ACCUSES THE DEFENDANT OF THE CRIME OF RAPE IN THE FIRST DEGREE

COMMITTED AS FOLLOWS:

THE DEFENDANT, ON OR ABOUT APRIL 7, 2003, IN THE COUNTY OF

QUEENS, BEING MALE, ENGAGED IN SEXUAL INTERCOURSE WITH A FEMALE

KNOWN TO THE GRAND JURY WHOSE INITIALS ARE         , A FEMALE BY MEAN OF

FORCIBLE COMPULSION.

Certified Mail #: 7010 3090 0000 8279 3135

LeRoy Peoples, Din: 05A2620
Mohawk Correctional Facility
P.O. Box 8450
6514 Rt 26
Rome, New York 13442

<u>March 17th</u>, 2014.

Linda S. Povman, Esq. 18-b
Attorney At Law
12335. 82ND Road
Kew Gardens, New York 11415

Re: <u>Peo. v. LeRoy Peoples</u>, Queens County Indict. No.: 2103-2003

Dear Counsel:

After reviewing the records that I have obtained in my case,
I learned that the negotiated "plea-agreement that was "in full
satisfaction of the indictment", that you entered into with the Assistant
District Attorney: Eric C. Rosenbaum, Esq., (with my consent &
the Court's approval), was not honored by Mr. Rosenbaum, nor objected
to by you as my attorney.

At the plea on Jan. 12, 2005, I pled guilty to Count-one of the
indictment "in full satisfaction of the indictment", and received a
sentence of 8-16 yrs. (modified 8/3/05 to 3⅓ - 10 yrs.). On
this same date following my plea to count-one, you allowed and
advised me as my attorney to make a additional plea to count-six
of the indictment, knowing that this additional plea of guilty was
illegal and a breach of contract in re of the plea that was
negotiated, "in full satisfaction of the indictment".

Pursuant to <u>Peo. v. Romer</u>, 38 A.D. 2d 757, 329 N.Y.S. 2d 719, this
additional plea of guilty was illegal, without first allowing me to
withdraw my plea to count-one. A plea "in full satisfaction of
the indictment" is deemed an "acquittal" of all other offenses charged
therein, and it constituted a disposition of the entire indictment.
<u>O'Brien v. De Giammatteo</u>, 97 Misc. 2d 827, 412 N.Y.S. 2d 845;
<u>Peo. v. Bladge</u>, 164 Misc. 2d 749, 626 N.Y.S. 2d 396. Likewise, I am

[Pg. 1 of 5 - Ms. Povman]

also entitled to my photos and finger prints to be returned to me or destroyed as defined in N.Y. CPL § 160.50 (1). so, People v. Flyll, 90 Misc. 2d 101, 393 N.Y.S. 2d 881.

Criminal Procedure Law section 160.50 was "designated to protect the rights of individuals against whom criminal charges have been brought, but which did not ultimately result in a conviction". see, Governors Memoranda on approving L 1976 C. 877, McKinney's Sessions Law of New York, pg. 2451. In his memoranda the Governor stated: "This legislation is consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law". And as defined within CPL § 160.50 (2), the action was terminated in favor of the accused. see, CPL §§ 220.30, 340.20.

My question to you is, why did you allow this to happen to me without objecting? You're an attorney ever since 1976; you're knowledgeable with plea bargains, yet you allowed a miscarriage of justice to occur. The plea to count-six, the 16 yr. sentence & 5 yr. of post release supervising, was all illegally imposed in lack of the courts jurisdiction to accept such plea, without allowing me to withdraw my plea to count-one.

Lastly, in regards to count-one, the indictment is jurisdictionally defective in violation of CPL § 200.50 (2), which requires and identification of the Courts jurisdiction, title of the action, and the defendant. The statute further "requires" specific designations, such as the designation that defendant was a "juvenile offender". The indictment fails to establish this particular mandate, thereby, not reflecting the courts jurisdiction to accept a plea to a juvenile offender action". see, People v. Taylor, 65 N.Y. 2d 1, 489 N.Y.S. 2d 152 (1985) ("A guilty plea does not forfeit the right to raise a jurisdictional defect ...") A indictment is defective if it fails to demonstrate that the Court has jurisdiction over the charged offense(s). see, CPL §§ 210.20 (1) (a) (h), CPL § 210.25 (2). And, "a jurisdictional defect is non-waivable and can't be cured by amendment even upon the defendants consent". see, e.g., People v. Ford, 62 N.Y. 2d 275, 282 (1984); People v. Harper, 37 N.Y. 2d 96, 99, 100 (1975) see also, People v. Penir, 51 A.D. 3d 1052 (2d Dept. 2008); People v. Kurtz, 130

[Pg. 2 of 3 - Ms. Perman]

N.Y.S. 2d 1003 (Crim. Ct. Queens Co. 1998)

How could you have allowed this to happen to me? I trusted you in my legal affairs and then you assisted in violating my statutory and constitutional rights. You also failed to request transfer of the action to the Family Court as a "juvenile delinquency offense" pursuant to CPL § 180.75 (3)(b), (c) despite the indictments flaw pursuant to CPL § 200.50 (7)

How could you maintain the position that " it is your practice to submit an appeal on behalf of clients that request one", and that, " you do not recall any making such request" so, People v. LeRoy Peoples, 6 N.Y. 3d 851, 816 N.Y.S.2d 575, 849 N.E.2d 930 (2d Dept. 2006)

I respectfully ask that you respond to this letter in a timely fashion. I also respectfully ask that you provide me with assistance in rectifying these matters and that you provide me a affidavit sworn to by you in regards to this letter. Otherwise, your actions will be consistent with legal malpractice and deliberate indifference, respectively. [Under the penalty of perjury pursuant to 42 U.S.C. § 1746 and N.Y. Penal Law § 210.45. See, People v. Sullivan, 56 N.Y.2d 378 (1992).]

Dated: March 17th, 2014.                Very Truly Yours,

cc: Filed ( 1 Copy )                LeRoy Peoples

[ Pg. 3 of 3 - Ms. Perman ]

Affidavit of Service

State of New York ) s.s.:
County of Oneida )

I, LeRoy Peoples, DIN: 05A2620, a residence of
Mohawk Correctional Facility, P.O. Box 8450, 6514 Route 26,
Rome, New York 13442 — being duly sworn, deposes
and says :

On March 17th, 2014, I had placed in the
institutional mail box, a 3 page letter addressed to Ms.
Linda S. Povman, Esq. 18-b  Attorney At Law,
12335 82 ND Road, Kew Gardens, New York 11415,
by way of First Class / Certified Mail # : 7010 3090 0000
3279 3135 Return Receipt & Restricted Delivery.

Verification

/s/ LeRoy Peoples
LeRoy Peoples, #05A2620
Mohawk Corr. Fac.
P. O. Box 8450
6514 Route 26
Rome, New York 13442

Sworn to before me this

17 day of March , 2014

_____
Notary Public

JAMES A. KALLIES, JR.
Notary Public - State of New York
No. 01KA6273776
Qualified in Oneida County
Commission Expires December 24, 2016



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
□ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Louis D. Foreman, Esq
Attorney At Law
12335 32nd Road
New Gardens, NY 11415

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____   □ Agent
                     □ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
MAR 1 9

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:          □ No

3. Service Type
   ☑ Certified Mail      □ Express Mail
   □ Registered          ☑ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☑ Yes

2. Article Number
   (Transfer from service label)   7010 3090 0000 8279 3135

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

LeRoy Peoples #05A2620
Mohawk Correctional Facility
6514 Rte. 26
Rome, NY 13440        RECEIVED