Rec'd 11/17/14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEROY PEOPLES,

      Plaintiff,

  - against -

ERIC C. ROSENBAUM & LINDA S. POVMAN,

      Defendants.

**AMENDED MEMORANDUM, ORDER & JUDGMENT**

14-CV-2414

**JACK B. WEINSTEIN, Senior United States District Judge:**

## I. Introduction

Plaintiff pled guilty to two counts of rape in the first degree in January 2005. *See Decl. of Alison G. Moe in Supp. of Def.'s Mot. for Summ. J.*, Ex. B., Certificate of Disposition Indictment, June 30, 2014, ECF No. 23. He confessed to committing the offenses in 1998 and 2003. He was resentenced in August 2005. *Id.*

Proceeding *pro se*, plaintiff now brings an action under 42 U.S.C. § 1983 against Assistant District Attorney Eric C. Rosenbaum for malicious prosecution.

In oral argument, plaintiff also stated a claim for forced unlawful extradition against the defendant. *See* Hr'g Tr., Oct. 20, 2014. Plaintiff's complaint is amended to include this claim.

Defendant Rosenbaum moves for summary judgment on both claims.

Against his former attorney, Linda S. Povman, he claims malpractice for advising him to plea to a "stale-time barred offense" and for pleading to an offense for which he was acquitted. Defendant Povman moves for summary judgment.

Plaintiff withdrew his claims against The City of New York, The New York City Police Department and Detective Steven J. Dorn. *See* Hr'g Tr., Oct. 20, 2014.



Summary judgment is granted on all claims.

## II. Defendant Rosenbaum Is Entitled To Immunity

Plaintiff's malicious prosecution and unlawful extradition claims allege that defendant Rosenbaum made a mistake of law in his prosecution of plaintiff. He alleges no personal animus. *See* Hr'g Tr., Oct. 20, 2014.

The claims against Assistant District Attorney Rosenbaum are dismissed. Defendant is entitled to immunity. "Absolute immunity bars a civil suit against a prosecutor for advocatory conduct that is intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (citation omitted). The defendant, an assistant district attorney, was exercising his function as a prosecutor in critical aspects of a criminal litigation. *See, e.g.*, Martin A. Schwartz, *Section 1983 Litigation*, 132–138 (3d ed. 2014).

Included in the scope of absolute immunity are extradition and waiver of possible extradition claims by a guilty plea. *See Amaker v. N.Y. State Dep't of Corr. Servs.*, 435 F. App'x 52, 55 (2d Cir. 2011), *citing Taylor v. Kavanagh*, 640 F.2d 450, 450 (2d. Cir. 1981) (noting prosecutors retain absolute immunity for negotiating a guilty plea); *Brown v. City of N.Y.*, No. 10-CV-5229(ENV)(ALC), 2013 WL 3245214, at *15, n.11 (E.D.N.Y. June 26, 2013) (stating that "[n]early every court that has addressed the issue has held that a prosecutor's decision to initiate extradition proceedings falls within the scope of duties for which a prosecutor enjoys absolute immunity.").

These claims are also barred by plaintiff's plea and criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (A Section 1983 plaintiff cannot recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the conviction was

reversed, expunged, or declared invalid by a tribunal.). His conviction has not been reversed, expunged, or in any way declared invalid. *See Decl. of Alison G. Moe in Supp. of Def.'s Mot. for Summ. J.*, Ex. B., Certificate of Disposition Indictment, June 30, 2014, ECF No. 23; *Peoples v. Rivera, Mem. and Order*, No. 06-CV-3070 (ERK), July 31, 2008, ECF No. 42 (denying plaintiff's petition for a writ of habeas corpus).

### III. Plaintiff's Claim Against His Attorney Is Meritless

Plaintiff sues his attorney for legal malpractice. There is no merit to this claim.

First, plaintiff alleges that the defendant convinced him to plea to a time-barred offense. This is inaccurate. The Supreme Court of Queens County ruled that the charge against plaintiff was *not* barred by statute of limitations. *See Mem. of Law in Supp. on Behalf of Def. Linda Povman's Mot. for Summ. J.*, Ex. B., Decision of Hon. Mark H. Spires, dated Apr. 1, 2004, July 3, 2014, ECF No. 27 ("A review of circumstances surrounding this case reflect that the defendant's identity and whereabouts could not have been discovered within five years of the time of the offenses charged.").

Second, plaintiff claims that he was "acquitted" of certain charges and Povman erroneously advised him with respect to these charges. There is no record of acquittals in this matter. *See Decl. of Alison G. Moe in Supp. of Def.'s Mot. for Summ. J.*, Ex. B., Certificate of Disposition Indictment.

The sentence was imposed pursuant to a voluntary plea arrangement. This plea waived possible defenses.

The claim against defendant Povman is dismissed.

## IV. Request for Counsel

Plaintiff seeks court-appointed counsel. The motion is denied. Plaintiff's claims verge on the frivolous. They have been fully adjudicated.

Plaintiff had moved before Magistrate Judge Orenstein to appoint counsel. That motion was similarly denied. *See Order Denying Motion to Appoint Counsel*, Sept. 8, 2014.

## V. Conclusion

Summary judgment in favor of all defendants for all claims is granted.

Defendant Rosenbaum is directed to serve a copy of this amended memorandum, order and judgment, as well as the transcript of the hearing, on the plaintiff. No costs or disbursements are granted.

The case is dismissed.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Date: November 10, 2014
Brooklyn, New York